UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6309-CR-SEITZ

UNITED STATES OF AMERICA )
)
      Plaintiff, )
)
v. )
)
FREDERICK SCAROLA . )
)
      Defendant. )
_____)

## MOTION TO CONTINUE TRIAL, OR IN THE ALTERNATIVE, MOTION TO SEVER

Defendant, Frederick Scarola, by and through undersigned counsel, respectfully requests this Honorable Court enter an Order continuing the presently scheduled trial set to commence the week of February 11, 2002, or in the alternative, grant a Rule 14 severance. As grounds for this Motion, the following is respectfully submitted:

1. Undersigned is presently set to begin trial before the Honorable Joan Lenard on Monday, February 11, 2002. Undersigned counsel has previously filed a Notice of Trial Conflict with this Court.

2. The case before Judge Lenard involves a complex Medicare Fraud case that will take between 1-2 months to try.

3. In the case *sub judice*, Defendant, Frederick Scarola, is charged solely in 1 count of a 93 count superseding indictment with conspiracy to obstruct justice. If tried by himself, the entire case would last less than 1 week. The remaining 92 counts of which the Defendant is not charged involves various allegations of racketeering and money laundering.

4. The prejudicial effect of joining Defendant, Scarola, with that of the remaining co-defendants could and would prejudice Mr. Scarola's right to receive a fair and impartial trial.

SPENCER & KLEIN
PROFESSIONAL ASSOCIATION

## MEMORANDUM OF LAW

If the evidence adduced at trial appears to prejudice the defendant because of prejudicial joinder of defendants, pursuant to Rule 14, "the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." Fed R.Crim.P. 14. A severance pursuant to Rule 14 is warranted, "when a defendant demonstrates that a joint trial will result in 'specific and compelling prejudice' to his defense." *United States v. Liss*, 2001 WL 1110292 (11th Cir. Sept. 21, 2001) (citing *United States v. Walker*, 720 F. 2d 1527, 1533 (11th Cir. 1983). "Compelling prejudice occurs when the jury is unable 'to separately appraise the evidence as to each defendant and render a fair and impartial verdict'" *Id.* (Citing *United States v. Meester*, 762 F.2d 867, 883 (11th Cir. 1985).

A severance motion made pursuant to Rule 14 is normally considered at trial when the prejudicial effect of a misjoinder can be determined. "We believe that whether joinder is improper based on events occurring at trial is best dealt with under Rule 14." *United States v. Fernandez*, 892 f.2d (11th Cir. 1989) (quoting *United States v. Morales*, 868 F. 2d 1562, 1568 (11th Cir. 1989). A defendant satisfies the compelling prejudice requirement by demonstrating that a jury is unable to sift through the evidence and "make an individualized determination as to each defendant." *United States v. Schlei*, 122 F.2d 944, 984 (11th Cir. 1997) (quoting *United States v. Saget*, 991 F.2d 702, 707 (11th Cir. 1993). See also *United States v. Pedrick*, 181 F.2d 1264 (11th Cir. 1999) (upholding an order granting motion for new trial based upon the prejudicial misjoinder where defendant suffered prejudice from overwhelming evidence against co-defendant when tried together in multicount mail, wire fraud and money laundering indictment.)

**WHEREFORE**, Defendant Frederick Scarola, respectfully requests that this Court sever the trial of his case from that of his co-defendants.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via U.S. mail to Assistant U.S. Attorney Brian McCormick, 500 E. Broward Blvd., Ft. Lauderdale, Fl. 33394 this 21st day of January, 2002.

                                      Spencer & Klein, P.A.
                                      Attorneys for Defendant
                                      801 Brickell Avenue, Ste. 1901
                                      Miami, Florida 33131
                                      Tel: (305) 370-7700

                                      By: /s/ David Tarlow
                                      David M. Tarlow
                                      Fla. Bar #893684